UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL SPRATLING**                                                              **CIVIL ACTION**

**VERSUS**                                                                                       **NO. 04-1296**

**EDISON CHOUEST OFFSHORE, L.L.C**                                      **SECTION "T" (5)**

    Before this court is a Motion for Reconsideration of Motion to Review and Overturn Magistrate Judge's Order of April 6, 2005, filed on behalf of the defendant, Edison Chouest Offshore pursuant to Rule 59 of the Federal Rules of Civil Procedure.  This matter came before the undersigned on June 29, 2005 without oral argument.  The Court, having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, is fully advised on the premises and ready to rule.

### ORDER AND REASONS

**I.  BACKGROUND:**

    On May 24, 2005, this Court denied the Defendant's Motion to Review the Magistrate's Order of April 6, 2005, in which the Magistrate Judge Chasez denied a Motion to Compel a Functional Capacity Evaluation stating "[t]he parties' medical experts should be able to offer opinions on plaintiff's capabilities sufficient to allow the trial judge to decide the case."

**II. LAW AND ANALYSIS:**

Under Rule 59 of the Federal Rules of Civil Procedure, a district court enjoys considerable discretion in granting or denying a motion for reconsideration. See, <u>First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans</u>, 891 F.Supp. 290 (E.D.La. 1995), amended 896 F.Supp. 634, affirmed 85 F.3d 622.  There are three grounds upon which a Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment: (1) intervening change in the controlling law has occurred,  (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or prevent manifest injustice.  <u>Database America, Inc. v. Bellsouth Advertising & Pub. Corp.</u> 825 F.Supp. 1216 (D.N.J. 1993).

In the instant case, the Defendant has not established any of the grounds necessary, which would entitle him to an amended judgment.  First, the Defendant has not presented to this Court any intervening change in the controlling law.  Second, Dr. Parnell's opinion that the Defendant needs a functional capacity evaluation("FCE"), is not new evidence. The defense has maintained that an FCE is needed, regardless of the testimony already accounted for by each parties respective expert medical witness.  Finally, there is no concrete evidence to suggest that there is any clear error of law, nor is there any indication that such an amendment should be granted to prevent manifest injustice.  It is of the opinion of this Honorable Court that the Defendant's motion simply reiterates the arguments previously made, which this court found unpersuasive on May 24, 2005.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration, filed on behalf of the Defendant, Edison Chouest Offshore, L.L.C., be, and in the same is hereby, **DENIED.**

New Orleans, Louisiana, this 27th day of July , 2005.

_____
**G. Thomas Porteous, Jr.
United States District Judge**